**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 13 |
|  | ) | Case No. 11-41059-MSH |
| DAMON MASSEY | ) |  |
| MARIE MASSEY | ) |  |
|  | ) |  |
| Debtors | ) |  |

**ORDER ON CHAPTER 13 TRUSTEE'S OBJECTION TO PLAN CONFIRMATION**

The Chapter 13 trustee has objected to confirmation of the debtors' plan. The trustee claims the plan fails the liquidation test of Bankruptcy Code § 1325(a)(4) because the debtors improperly claimed exemptions of "100% of FMV" for their home and automobile in Schedule C of the Schedules of Assets and Liabilities wiled with their bankruptcy petition on March 21, 2011. The liquidation analysis in the debtors' plan values the equity in these assets with specific dollar amounts – ($44,482.85) for the home and $1,455.00 for the automobile, and ascribes a specific dollar amount to the exemption claimed in each –$0.00 for the home and $1,455.00 for the automobile. I find the liquidation analysis to be exceptionally thorough and exceedingly clear and based on that analysis find that unsecured creditors, who will be paid under the debtors' pot plan approximately 10% of their allowed claims, will receive no less and indeed significantly more than they would receive in a Chapter 7 liquidation.

The Chapter 13 trustee's objection to confirmation is really a disguised objection to the exemptions claimed by the debtors in Schedule C in their home and car after the deadline for objections under Fed. R. Bankr. P. 4003(b)(1) has expired and the exemption is deemed correct whether or not there is a colorable statutory basis for the exemptions. *Taylor v. Freeland &*

1

*Kronz,* 503 U.S. 638, 644, 112 S.Ct. 1644, 1648 (1992).   Having missed the objection deadline, the trustee cannot now revive it by camouflaging her objection within a plan objection.

Had the trustee timely objected to the debtors' attempt to exempt their home and automobile in the amount of "100% of FMV", the objection would certainly have merited serious consideration. The expression "100% of FMV" was coined by the United States Supreme Court in *Schwab v. Reilly*, – U.S. –, 130 S.Ct. 2652, 177 L.Ed.2d. 234 (2010), as shorthand for "full fair market value". *Id.* at 2668 and n. 19.   *Schwab* involved a dispute over whether a debtor's exempting certain assets in the exact dollar amount allowed under § 522 of the Bankruptcy Code, which was identical to the value the debtor ascribed to those assets, meant that the trustee, who had not objected to the exemption under Rule 4003, could sell the assets for more than the maximum exemption amount and keep for the estate all proceeds realized over the exempted amount.   The debtor argued that the trustee lost the ability to sell those asset because, having failed to object to the exemption, the entire value of the asset, even the amount exceeding the exemption ceiling, was subject to the exemption. In ruling that the trustee did not have to object to the exemption under Rule 4003 in order to preserve his right to sell the asset and keep the proceeds remaining after paying the exemption amount to the debtor, the Court tried to illustrate how a debtor who wanted to exempt the full fair market value of an asset should go about filling out Schedule C. The Court offered the following suggestion:

> Where, as here, it is important to the debtor to exempt the full market value of the asset or the asset itself, our decision will encourage the debtor to declare the value of her claimed exemption in a manner that makes the scope of the exemption clear, for example, by listing the exempt value as "full fair market value (FMV)" or "100% of FMV." Such a declaration will encourage the trustee to object promptly to the exemption if he wishes to challenge it and preserve for the estate any value in the asset beyond relevant statutory limits. If the trustee fails to object, or if the trustee objects and the objection is overruled, the debtor will be entitled to exclude

2

>the full value of the asset. If the trustee objects and the objection is sustained, the debtor will be required either to forfeit the portion of the exemption that exceeds the statutory allowance, or to revise other exemptions or arrangements with her creditors to permit the exemption. See Fed. Rule Bkrtcy. Proc. 1009(a). Either result will facilitate the expeditious and final disposition of assets, and thus enable the debtor (and the debtor's creditors) to achieve a fresh start free of the finality and clouded-title concerns Reilly describes.

*Id.* (Footnotes omitted).

The term "100% of FMV" on a debtor's Schedule C should be like catnip to a trustee. It should grab the trustee's attention and warrant an analysis to determine whether the asset in question could conceivably be worth more than the statutory exemption ceiling. If the trustee determines there is potential value in the asset beyond the exemption ceiling he must object to the exemption within the time allowed by Rule 4003 or lose the right to sell the asset later or, in the case of a Chapter 13 plan, lose the right to object to the plan based on Schedule C.

The Chapter 13 trustee's objection to plan confirmation is overruled and she is to submit a proposed confirmation order to the Court within 14 days of the date of this Order.

Dated: July 25, 2011                                        By the Court,

                                                            _____
                                                            Melvin S. Hoffman
                                                            U.S. Bankruptcy Judge

3